UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
EDITH COOPER,

                      Plaintiff,

    -against-

ADA S. COOPER,

                      Defendant.

**MEMORANDUM & ORDER**
19-CV-3025 (NGG) (ST)

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Edith Cooper brings this action against Defendant Ada S. Cooper for alleged breach of a loan agreement between the two parties (the "Agreement"). (*See* Compl. (Dkt. 1).) Defendant now moves to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P.12(b)(6) for failure to state a claim. (Mot. to Dismiss (Dkt. 17).) For the following reasons, Defendant's motion is GRANTED.

### I. BACKGROUND

The following factual summary is drawn from the facts alleged in the complaint, which the court generally accepts as true. *See N.Y. Pet Welfare Ass'n v. City of New York*, 850 F.3d 79, 86 (2d Cir. 2017).[1] Plaintiff and Defendant are sisters. (Compl. ¶ 11.) Prior to October 2014, Plaintiff loaned money to Defendant on several occasions, in various amounts; by October 15, 2014 Plaintiff had loaned Defendant $414,300, none of which Defendant had repaid. (*Id.* ¶¶ 12-13.) After the money was loaned, Defendant agreed to sign a writing memorializing the loans Plaintiff made to Defendant and her obligation to repay those loans. (*Id.* ¶ 14.)

---

[1] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted and all alterations are adopted.

1

On January 4, 2015, Plaintiff's husband emailed a draft loan agreement to Defendant on behalf of Plaintiff. (*Id.* ¶ 15.) Defendant obtained legal advice and spoke with an accountant on the contents of the draft agreement. (*Id.* ¶ 16.) Shortly thereafter, on January 19, 2015, Defendant sent Plaintiff and her husband a revised agreement. (*Id.* ¶ 17.) On or about May 1, 2015, Plaintiff and Defendant executed the Agreement, dated as of January 19, 2015. (*Id.* ¶ 18; *see also* Agreement (Dkt. 1-3).)

The opening recital of the Agreement provides: "IN CONSIDERATION OF Lender loaning certain monies to Borrower, and Borrower repaying those monies to Lender, both parties agree to keep, perform, and fulfill the following promises and conditions." (Agreement at 1) The first paragraph of the Agreement states: "Lender promises to loan the principal amount ('the loan') of four hundred fourteen thousand, three hundred dollars ($414,300) to Borrower, and Borrower promises to repay this principal amount and all accrued interest." (*Id.* ¶ 1) Per the Agreement, Defendant agreed to pay interest on the Loan at the rate of 0.38% per year. (*Id.*) The Loan provided for annual interest-only payments to be made on January 19 of 2016 and 2017, with a maturity date of January 19, 2018. (*Id.* ¶¶ 2-3.) The Agreement contemplates that Defendant would repay using money received from her father's estate, and provides that the term would be extended in three-year increments if Defendant had not received sufficient funds to repay the loan as of the maturity date. (*Id.* ¶ 5.)

Defendant made the first annual interest payment on or about January 19, 2016. (Compl. ¶ 27.) However, Defendant did not make the second interest payment the following year nor did she repay the loan on the maturity date. (*Id.* ¶¶ 29-30, 33.) On or about June 27, 2018, Plaintiff's husband notified Defendant that she was in default and offered her an opportunity to cure by making a catch-up payment. (*Id.* ¶ 31.) On August 9, 2018, Defendant made a partial interest payment. (*Id.* ¶ 32.)

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), the Complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In determining the adequacy of the complaint, the court may consider any written instrument attached to the complaint as an exhibit or incorporated in the complaint by reference, as well as documents upon which the complaint relies and which are integral to the complaint." *Subaru Distribs. Corp. v. Subaru of Am., Inc.,* 425 F.3d 119, 122 (2d Cir. 2005).

## III. DISCUSSION

Defendant argues that the Agreement is unenforceable because the facts indicate that it was founded on past consideration. (*See generally* Mem. in Supp. of Mot. ("Mem.") (Dkt. 13-3).) Defendant further contends that the Agreement does not fall within New York General Obligations Law § 5-1105's exception to the common-law rule that past consideration cannot be used to create an enforceable obligation because it uses exclusively forward-looking language and thus can only be read as referencing a future loan. For the reasons that follow, the court agrees and, accordingly, grants Defendant's motion.

Plaintiff's complaint effectively concedes that the Agreement is founded on past consideration. (Compl. ¶¶ 13-14.) Under New York law, "[c]onsideration is simply a bargained-for exchange of promises or performance." *Ferguson v. Lion Holding, Inc.,* 312 F. Supp. 2d 484, 494 (S.D.N.Y. 2004) (citing Restatement (Second) of Contracts § 71 (1981)). "Generally, past consideration is no consideration and cannot support an agreement because the detriment did not induce the promise." *Greenberg v. Greenberg,* 646

3

F. App'x 31, 32 (2d Cir. 2016) (summary order) (applying New York law).

Section 5-1105 of New York General Obligations Law, however, provides an exception to this common-law rule. Specifically, the law provides:

> A promise in writing and signed by the Promisor or by his agent shall not be denied effect as a valid contractual obligation on the ground that consideration for the promise is past or executed, if the consideration is expressed in the writing and is proved to have been given or performed and would be a valid consideration but for the time when it was given or performed.

N.Y. Gen. Obl. L. § 5-1105. "To qualify for the exception [provided in § 5-1105], the description of the consideration must not be vague or imprecise, nor may extrinsic evidence be assisted to in understanding the consideration." *Korff v. Corbett*, 65 N.Y.S.3d 498, 502 (1st Dep't 2017). As such, courts applying § 5-1105 have enforced agreements founded on past consideration only when the past consideration is clear from the face of the agreement. *Cf. Greenberg,* 646 F. App'x at 31-32 (written agreement signed by Defendant promising to pay $200,000 as a gift to Plaintiff for the "many gifts and many loans" Plaintiff has given Defendant through the years invalid under Section 5-1101 consideration).

Here, Plaintiff argues the past consideration is expressed within the writing, specifically, the language in the recital that Defendant's repayment obligation was undertaken "IN CONSIDERATION OF [Plaintiff] lending certain monies to [Defendant]" and the specific delineation of the amount and terms of the loan in the first paragraph of the Agreement. (*See generally* Opp.) Plaintiff points to numerous cases where similar loan obligations have been held enforceable notwithstanding the fact that the actual loan was made prior to the execution of the

4

agreement at issue. *See, e.g., Gruberg v. McCarthy*, 735 N.Y.S. 2d 638, 915-16 (3d Dep't 2001) (agreement to assume responsibility "for debts incurred on" specific dates prior to execution of agreement enforceable under § 5-1105); *In re Thomson McKinnon Sec. Inc.*, 139 B.R. 267, 271, 278 (S.D.N.Y. 1992) (note promising repayment "[i]n consideration for a loan … in the amount of [$150,000]" enforceable notwithstanding fact that funds had been advanced prior to execution of note). Plaintiff also notes that courts have held that § 5-1105 does not require the use of "talismanic words" for a promise to be given effect, so long as "the writing refers to the consideration … and couples that recitation with the promise to pay." *In re Levine*, 32 B.R. 742, 745 (S.D.N.Y 1983).

All of these things may be true, but they do not save Plaintiff's claim. The Agreement, by its terms, expressly contemplates a *future* loan; the recital states that Defendant undertook her obligation in consideration of Plaintiff "loaning certain monies" to Defendant, while the operative language of the agreement provides that Plaintiff "*promises to* lend" money to Defendant, not that Plaintiff had *already* loaned such money to Defendant. While, as Plaintiff argues, at least one court has noted that § 5-1105 does not *per se* require an "unequivocal[] indicat[ion] that the consideration was past consideration" and opined that such a requirement would be "unsuitably narrow," *Levine*, 32 B.R. 745, dicta in 37-year-old district court decisions are not binding on this court. Moreover, the court is unaware of any instance in which a court has applied § 5-1105 where, as is the case here, it is asked to enforce an agreement that, by its terms, unambiguously relates to a *future* transaction. *Cf. id.* at 744 (language of agreement held enforceable provided that borrowers "acknowledge[d] … [themselves] to be justly indebted to" lender).

As a matter of first impression, the court concludes that § 5-1105 does not permit the court to do what Plaintiff asks: take an agreement—which unequivocally expresses a promise for a future loan—and interpret it as referencing an unexpressed prior loan. In other words, Plaintiff seeks to enforce the agreement not according to what it says, but according to what she claims were the parties' unexpressed intentions. While the court does not hold that no agreement may be enforced under § 5-1105 unless the words "past consideration" appear or the "past" nature of the consideration is unmistakable from the instrument, nothing in that provision permits the court to disregard the fundamental principle of contract law that Plaintiff implores it to jettison here, namely that contracts (particularly unambiguous, fully integrated contracts such as the Agreement) must be enforced according to their terms. *See, e.g.*, *R/S Assoc. v. New York Job Dev. Auth.*, 98 N.Y.2d 29, 32 (2002) ("When parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms."); *see also Utica Mut. Ins. Co. v. Fireman's Fund Ins. Co.*, 957 F.3d 337, 344 (2d Cir. 2020) ("Under well-settled New York law … a contract that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms.").[2]

Interpreting the contract by its terms, Plaintiff's breach of contract claim necessarily fails because she fails to allege that she advanced any monies to Defendant following the execution of the Agreement. *See, e.g.*, *Johnson v. Nextel Communications, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011) (to state a valid breach of contract claim, plaintiff must allege, *inter alia*, her own performance

---

[2] Because Plaintiff asserts only a claim for breach of contract, the court does not resolve whether the facts she has alleged could support any other claim.

6

under the agreement). Accordingly, Defendant's motion is granted.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Dkt. 17) is GRANTED. If Plaintiff intends to move for leave to file an amended complaint, she is DIRECTED to confer with Defendant and submit a proposed briefing schedule for that motion by no later than 30 days from the date of this order.

SO ORDERED.

Dated:   Brooklyn, New York
         June 26, 2020

                                                       /s/ Nicholas G. Garaufis
                                                      NICHOLAS G. GARAUFIS
                                                      United States District Judge